UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Scaer, et al.,  )
 )
    *Plaintiffs*,  )
 )
v.  )  Case No. 1:24-cv-00277
 )
City of Nashua, et al.,  )
 )
    *Defendants*.  )
 )

### JAMES W. DONCHESS'S ANSWER TO COMPLAINT

James W. Donchess ("Mayor" or "Defendant"), by counsel, respectfully submits his Answer to the Plaintiffs' Complaint as follows:

#### Introduction

First paragraph: Denied that the flag pole is known as "Citizens Flag Pole" and generally admits the remaining allegations, but refers the court to the City of Nashua's written policy related to the use of the flag pole.

Second Paragraph: Admitted that certain requests for flags as indicated have been permitted and denied, but denied as to the remaining allegations.

Third Paragraph: Denied.

#### The Parties

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted, but Defendant adds that Plaintiffs have non-suited the claims against him in his individual capacity.

5. Admitted, but Defendant adds that Plaintiffs have non-suited the claims against her in her individual capacity.

## Jurisdiction and Venue

6. This paragraph contains legal conclusions, and no answer is required.

7. This paragraph contains legal conclusions, and no answer is required.

## Statement of Facts[1]

## The Citizen Flag Pole

8. Defendant admits the first two sentences of this paragraph. Defendant denies the third sentence as written.

9. Defendant admits the first sentence. As to the second sentence, the referenced document speaks for itself and no response is necessary.

10. This allegation pertains to a different Defendant and no answer is required. To the extent that an answer is required, the Defendant has insufficient information as to the allegation and denies the same.

11. Defendant admits the first sentence. As to the remaining allegations, the referenced document speaks for itself and no response is necessary.

12. Admitted.

13. Admitted.

14. This allegation is a statement of law and no answer is required. Otherwise, denied.

15. Admitted.

16. The referenced document speaks for itself and no response is necessary. Defendant

---

[1] Defendant reproduces the headings from the Complaint for reference only. To the extent that the headings amount to allegations, Defendant denies such allegations.

admits that the policy is quoted accurately.

17. Defendant admits the first sentence. The referenced document speaks for itself and no response is necessary. Defendant admits that the policy is quoted accurately.

18. The Defendant has insufficient information as to these allegations, and therefore denies the same.

19. The Defendant has insufficient information as to these allegations, and therefore denies the same.

20. Admitted.

21. Admitted as to the allegations in the first sentence, but the Defendant has insufficient information as to the remaining allegations, and therefore denies the same.

## Beth Scaer's Earlier Flag Applications

22. Admitted that the Plaintiff has applied for flag raisings, but the Defendant has insufficient information as to the remaining allegations, and therefore denies the same.

23. The Defendant has insufficient information as to these allegations, and therefore denies the same.

24. Admitted.

25. The Defendant has insufficient information as to these allegations, and therefore denies the same.

26. The Defendant has insufficient information as to these allegations, and therefore denies the same.

27. Admitted.

28. The referenced document speaks for itself and no response is necessary.

29. Admitted.

30. The Defendant has insufficient information as to these allegations, and therefore denies the same.

31. The Defendant has insufficient information as to these allegations, and therefore denies the same.

### The Detransitioner Awareness Flag Application

32. Defendant admits the first sentence of this paragraph.  Defendant lacks sufficient knowledge or information regarding the remaining allegations in this paragraph and, therefore, denies the same.

33. The referenced document speaks for itself.

34. Denied.

35. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

36. Admitted.

### The Pine Tree Flag Application

37. Defendant admits that Beth Scaer applied to fly the Pine Tree Flag on Saturday, June 15.  Defendant lacks sufficient knowledge or information regarding the remaining allegations in this paragraph and, therefore, denies the same.

38. The referenced document speaks for itself and no response is necessary.

39. Defendant admits that the Pine Tree Flag has a historical basis in the American Revolution but avers that history has been co-opted by an anti-American government movement.  Defendant lacks sufficient knowledge or information regarding the remaining allegations in this paragraph and, therefore, denies the same.

40. Admitted.

41. Admitted, but the referenced document speaks for itself and Defendant need not respond to that portion of this paragraph.

42. Admitted, but the referenced document speaks for itself and Defendant need not respond to that portion of this paragraph.

43. Admitted.

44. The Defendant has insufficient information as to these allegations, and therefore denies the same.

45. Defendant lacks sufficient knowledge or information regarding the remaining allegations in this paragraph and, therefore, denies the same. The referenced document speaks for itself and no response is necessary.

## The Continuing Impact of Defendants' Actions on Plaintiffs

46. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

47. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

48. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same. As to the third sentence, denied.

49. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

50. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

51. Defendant admits that Beth and Stephen Scaer cannot communicate through the Flag

Pole as they wish. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same. Defendant admits that requests to fly certain flags have been denied as inconsistent with the Defendant's flag policy.

52. Defendant admits that Beth and Stephen Scaer have flown some flags. Defendant lacks sufficient knowledge or information regarding the allegations in the second sentence of this paragraph and, therefore, denies the same. As to the third sentence, denied as alleged.

53. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same. As to the second sentence, Defendant admits that certain flags are flown based upon the Defendant's flag policy.

54. Defendant lacks sufficient knowledge or information regarding the allegations in this paragraph and, therefore, denies the same.

**Count One**
**Viewpoint Discrimination, Facially and As Applied**
**U.S. Const. Amends. I, XIV, 42 U.S.C. §1983**

55. Defendant incorporates by reference the foregoing paragraphs.

56. Defendant admits the first sentence of this paragraph. Defendants deny the second sentence.

57. Defendant denies the first sentence of this paragraph. The remaining allegations of this paragraph constitute legal conclusions to which no response is necessary.

58. The allegations in this paragraph constitute legal conclusions to which no response is necessary.

59. Denied.

60. Denied.

## Count Two
### Prior Restraint – U.S. Const. Amends. I, XIV, 42 U.S.C. §1983

61. Defendant incorporates by reference the foregoing paragraphs.

62. Defendant denies the first sentence of this paragraph. The remaining allegations of this paragraph constitute legal conclusions to which no response is necessary.

63. Denied.

64. Denied.

65. Denied.

## Count Three
### Vagueness and Excessive Enforcement Discretion – Speech Code
### U.S. Const. Amends. I, XIV, 42 U.S.C. §1983

66. Defendant incorporates by reference the foregoing paragraphs.

67. The allegations of this paragraph constitute legal conclusions to which no response is necessary.

68. The allegations of this paragraph constitute legal conclusions to which no response is necessary.

69. Denied.

## Count Four
### Overbreadth – Speech Code, U.S. Const. Amends. I, XIV, 42 U.S.C. §1983

70. Defendant incorporates by reference the foregoing paragraphs.

71. The allegations of this paragraph constitute legal conclusions to which no response is necessary.

72. The allegations of this paragraph constitute legal conclusions to which no response is necessary.

73. Denied.

## Prayers For Relief

WHEREFORE, Defendant denies that Plaintiffs are entitled to the relief requested.

## Affirmative Defenses

1. Some or all of Plaintiffs's claims fail to state a claim upon which relief may be granted.

2. Some or all of Plaintiffs's claims are barred by the statute of limitations.

3. Laches.

4. Waiver.

5. Failure to mitigate damages.

6. Immunity including but not limited to municipal immunity, legislative immunity, discretionary function immunity, qualified immunity, official immunity, and/or RSA 507-B.

7. Any recovery is limited by RSA 507-B.

8. Unclean hands.

9. Good faith of Defendant.

10. First Amendment rights of Defendant and the City.

11. Lack of allegations against Defendant in his individual or personal capacity.

12. Defendant incorporates by reference the affirmative defenses asserted by every other defendant in this case.

13. Good faith reliance on legal advice and legal precedent including the Shurtleff decisions in the trial court and the First Circuit Court of Appeals.

14. Defendant reserves the right to raise additional affirmative defenses available based upon any information discovered as this matter progresses.

15. Defendant incorporates by reference  all affirmative defenses raised by the co-defendants

Respectfully submitted,

**JAMES DONCHESS**

By His Attorneys,

**RATH, YOUNG AND PIGNATELLI, PC**
20 Trafalgar Square #307
Nashua, NH 03063
(603) 889-9952

Dated: 10/16/24  /s/ *Michael A. Pignatelli*
Michael A. Pignatelli, NH Bar #2026
map@rathlaw.com
Adam B. Pignatelli, NH Bar #20211
abp@rathlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on all counsel of record through the Court's electronic filing system.

Dated: 10/16/24  /s/ *Michael A. Pignatelli*
Michael Pignatelli