## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BETHANY R. SCAER and STEPHEN SCAER,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF NASHUA, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00277-LM-TSM |

### JOINT PROPOSED DISCOVERY PLAN

**DATE/PLACE OF 26(f) CONFERENCE:**

    October 22, 2024. Conducted via Zoom

**COUNSEL PRESENT/REPRESENTING**:

    For Plaintiffs:

        Nathan Ristuccia,
        Del Kolde,
        Roy McCandless

    For Defendant, City of Nashua:

        Steven A. Bolton,
        Jonathan A. Barnes

    For Defendant, Mayor James W. Donchess:

        Michael A. Pignatelli,
        Adam B. Pignatelli

    For Defendant, Jennifer Deshaies:

        Peter G. Callaghan

# CASE SUMMARY

**THEORY OF LIABILITY**:

    Count One: First Amendment Viewpoint Discrimination
    Count Two: Prior Restraint
    Count Three: Vagueness and Excessive Enforcement Discretion
    Count Four: Overbreadth

**THEORY OF DEFENSE**:

    In addition to the Affirmative Defenses raised by the Defendants, including, but not limited to immunity, the Defendants state that the City's 2022 Flagpole Policy complies with Supreme Court precedent set forth in <u>Shurtleff v. City of Boston</u> 596 U.S. 243 (2022), and clearly provides the use of the flagpole is deemed to be government speech, which is exempt from First Amendment scrutiny. Even if government speech were inapplicable, due to the fact that the flagpole in question is a nonpublic forum, the City's 2022 flagpole policy does not constitute viewpoint discrimination, does not constitute prior restraint, is not vague, and is not overbroad. The claims are moot now that the City's 2022 flagpole policy has been rescinded and citizen input is no longer permitted.

**DAMAGES**:

    Nominal damages of $17.91 from each Defendant to each Plaintiff.

**DEMAND**:

    Due date: May 13, 2025

**OFFER**:

    Due date: June 13, 2025

**JURISDICTIONAL QUESTIONS**:

    None

**QUESTIONS OF LAW:**

(1) Whether flags on Nashua's flagpole constitute government speech.
(2) Whether Nashua discriminates between flag applicants on the basis of viewpoint, facially or as applied.
(3) Whether Nashua's 2022 flagpole policy is an unconstitutional prior restraint
(4) Whether Nashua's 2022 flagpole policy is unconstitutionally vague and grants excessive enforcement discretion to government officials.

    (5) Whether Nashua's 2022 flagpole policy is overbroad.
    (6) Whether this case is moot in light of Nashua's October 7, 2024 flagpole policy.
    (7) Whether the Affirmative Defenses raised by the Defendants, including, but not limited to immunity, are applicable.

**TYPE OF TRIAL**:

Bench trial

## **SCHEDULE**

**TRACK ASSIGNMENT:**

STANDARD – 12 MONTHS

**TRIAL DATE:**

Two-week period beginning December 9, 2025

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

N/A.

**AMENDMENT OF PLEADINGS:**

Plaintiffs Due date: March 14, 2025
Defendants Due date: April 14, 2025

**JOINDER OF ADDITIONAL PARTIES:**

Plaintiffs Due date: March 14, 2025
Defendants Due date: April 14, 2025

**THIRD-PARTY ACTIONS**:

Due date: February 14, 2025

**MOTIONS TO DISMISS:**

Due date: February 13, 2025

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiffs: February 3, 2025

Defendants: April 4, 2025

**COMPLETION OF DISCOVERY:**

(1) Date all discovery complete: June 17, 2025
(2) Date for early discovery: No early discovery.

**MOTIONS FOR SUMMARY JUDGMENT*:***

Due date: July 17, 2025

**CHALLENGES TO EXPERT TESTIMONY:**

60 days prior to trial

## DISCOVERY

**DISCOVERY NEEDED:**

(1) Discovery into the history of Nashua's flagpole.
(2) Discovery into applications to use the flagpole since 2017, including both applications denied and applications approved.
(3) Discovery into Nashua's flagpole policies and their revisions over time.
(4) Discovery into the Scaers' flag applications and their denial.
(5) Discovery into Nashua's City Plaza Events policy and applications approved and denied under it.
(6) Discovery into the Scaers' coordination with other individuals and/or organizations regarding their applications for raising flags at Nashua City Hall.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

Parties will complete mandatory disclosures in the form set forth in Fed. R. Civ. P. 26(a)(1) by January 10, 2024.

**INTERROGATORIES**:

A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**

    A maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**

    A maximum of 7 depositions by plaintiff(s) and 7 by defendant(s). Each deposition limited to a maximum of 7 hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

    Parties do not anticipate extensive discovery of ESI but agree to preserve all electronic communications, including, but not limited to e-mails and text messages, concerning Nashua flagpole policy and applications to use the flagpole. Plaintiffs specifically asked that text messages and other ephemeral communications sent from personal devices be preserved. Parties agree to identify search words for searches and to produce ESI electronically in native format or PDF format whenever possible. If privileged or trial preparation materials are inadvertently disclosed, parties will return materials promptly on request.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

    The Parties agree to comply with FRCP 26(b)(5) with respect to claims of privilege, privilege logs, protection of trial preparation materials, and inadvertent disclosures.

    The parties propose that the production of privileged or work-product protected documents, electronically stored information (ESI), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

    The parties propose that in the event a disclosing party inadvertently produces privileged materials, it will notify the requesting party of such disclosure as soon as it becomes aware of the inadvertent production. After the requesting party is so notified, it will return, sequester, or destroy all information and copies and will not disclose or use the information in the course of the litigation until the claim of privilege or protection as to trial preparation materials is resolved. The parties further propose that they will attempt to resolve disputes regarding the assertion of privilege between themselves. If they are unable to do so, the parties will file a motion with the Court for in camera review and a decision on the issue.

    Nothing in this paragraph relieves the parties of their obligations under Rule 4.4(b) of the Rules of Professional Conduct for New Hampshire.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**

This cannot be evaluated prior to the Court's decision on the motion for preliminary injunction.

**JOINT STATEMENT RE: MEDIATION:**

The parties do not plan to pursue mediation.

**TRIAL ESTIMATE:**

2 days

**WITNESSES AND EXHIBITS:**

As set forth in LR 16.2, the due dates are as follows:

(1) Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.
(2) Objections are due 14 days after filing of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:**

The parties *do not request* a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS:**

The parties agree to not begin discovery until after January 2, 2025 in order to give the Court time to decide Plaintiffs' motion for preliminary injunction and any report and recommendation resulting from that motion. The parties jointly request that the pretrial conference set for November 21, 2024 be stricken.

| | |
|---|---|
| Dated: October 24, 2024 | Respectfully submitted, |
| /s/Roy S. McCandless<br>Roy S. McCandless<br>New Hampshire Bar No. 11850<br>ROY S. MCCANDLESS, ESQ., PLLC 125<br>North State Street<br>Concord, New Hampshire 03301<br>Tel: (603) 841-3671, Ext. 101<br>Fax: (603) 513-2799<br>roysmccandless@gmail.com | /s/ Nathan J. Ristuccia<br>Nathan J. Ristuccia*†<br>Virginia Bar No. 98372<br>Endel Kolde*<br>Washington Bar No. 25155<br>INSTITUTE FOR FREE SPEECH<br>1150 Connecticut Ave., NW<br>Suite 801<br>Washington, D.C. 20036<br>Tel: (202) 301-3300<br>Fax: (202) 301-3399<br>nristuccia@ifs.org<br>dkolde@ifs.org<br><br>*Pro hac vice<br><br>Counsel for Plaintiffs |
| City of Nashua, Defendant<br>By its attorneys, | James W. Donchess<br>By his attorneys |
| /s/ Jonathan A. Barnes<br>Steven A. Bolton, Esq. (NH Bar #67)<br>Celia K. Leonard, Esq. (NH Bar #14574)<br>Jonathan A. Barnes, Esq. (NH Bar #20061)<br>City of Nashua<br>Office of Corporation Counsel<br>229 Main Street, P.O. Box 2019<br>Nashua, NH 03061-2019<br>(603) 589-3250<br>boltons@nashuanh.gov<br>leonardc@nashuanh.gov<br>barnesj@nashuanh.gov | /s/ Michael A. Pignatelli<br>Michael A. Pignatelli (NH Bar #2026)<br>Adam B. Pignatelli (NH Bar #20211)<br>Rath, Young, and Pignatelli, P.C.<br>20 Trafalgar Square, Suite 307<br>Nashua, NH 02063<br>(603) 889-9952<br>map@rathlaw.com<br>abp@rathlaw.com |

---

† Not a D.C. Bar Member but providing legal services in the District of Columbia exclusively before federal courts, as authorized by D.C. Ct. App. R. 49(c)(3).

24

Jennifer L. Deshaies, Defendant
By her attorneys,

/s/ *Peter G. Callaghan*
Peter G. Callaghan, Esq. (NH Bar #6811)
Kat Mail, Esq. (NH Bar #274914)
Preti Flaherty, PLLP
P.O. Box 1318
Concord, NH 03302-1318
(603) 410-1500
pcallaghan@preti.com
kmail@preti.com