UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Scaer, *et al.*, | ) |
|     *Plaintiffs*, | ) |
| v. | ) Case No. 1:24-cv-00277 |
| City of Nashua, *et al.*, | ) |
|     *Defendants*. | ) |

**JOINT PROPOSED AMENDED DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1, the parties respectfully submit the following Joint Proposed Discovery Plan.

**DATE/PLACE OF CONFERENCE**

The parties conferred by email in January 2025, resulting in agreement below. The purpose of this Amended Plan is to extend the time for discovery responses given that the Motion for Preliminary Injunction remains pending and the likelihood of an appeal from any determination of the Court denying the Motion. Thus, the parties seek to avoid additional attorneys' fees and costs in completing discovery at this stage.

**COUNSEL PRESENT/REPRESENTING**

| | |
|---|---|
| Nathan Ristuccia<br>Del Kolde<br>Roy McCandless | Plaintiffs |
| Steven Bolton<br>Jonathan Barnes | City of Nashua |
| Michael Pignatelli<br>Adam Pignatelli | Mayor James Donchess |
| Peter Callaghan<br>Kat Mail | Jennifer Deshaies |

## CASE SUMMARY

**THEORY OF LIABILITY:**

Count One: First Amendment Viewpoint Discrimination

Count Two: Prior Restraint

Count Three: Vagueness and Excessive Enforcement Discretion

Count Four: Overbreadth

**THEORY OF DEFENSE:**

In addition to the Affirmative Defenses raised by the Defendants, including, but not limited to immunity, the Defendants state that the City's 2022 Flagpole Policy complies with Supreme Court precedent set forth in Shurtleff v. City of Boston 596 U.S. 243 (2022), and clearly provides the use of the flagpole is deemed to be government speech, which is exempt from First Amendment scrutiny. Even if government speech were inapplicable, due to the fact that the flagpole in question is a nonpublic forum, the City's 2022 flagpole policy does not constitute viewpoint discrimination, does not constitute prior restraint, is not vague, and is not overbroad. The claims are moot now that the City's 2022 flagpole policy has been rescinded and citizen input is no longer permitted. Mayor Donchess and Ms. Deshaies are sued only their individual capacities and should not be parties to the suit.

## DAMAGES

Nominal damages of $17.91 from each Defendant to each Plaintiff.

## DEMAND

Due date: June 13, 2025

## OFFER

Due date: July 13, 2025

## JURISDICTIONAL QUESTIONS

None.

## QUESTIONS OF LAW

(1) Whether flags on Nashua's flagpole constitute government speech.

(2) Whether Nashua discriminates between flag applicants on the basis of viewpoint, facially or as applied.

(3) Whether Nashua's 2022 flagpole policy is an unconstitutional prior restraint

(4) Whether Nashua's 2022 flagpole policy is unconstitutionally vague and grants excessive enforcement discretion to government officials.

(5) Whether Nashua's 2022 flagpole policy is overbroad.

(6) Whether this case is moot in light of Nashua's October 7, 2024 flagpole policy.

(7) Whether the Affirmative Defenses raised by the Defendants, including, but not limited to immunity, are applicable.

## TYPE OF TRIAL

Bench trial.

## SCHEDULE

**TRACK ASSIGNMENT AND TRIAL DATE:**

STANDARD – 12 MONTHS

**TRIAL DATE**

Two-week period beginning December 9, 2025

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

N/A

**AMENDMENT OF PLEADINGS:**

    Plaintiffs Due date: April 14, 2025

    Defendants Due date: May 14, 2025

**JOINDER OF ADDITIONAL PARTIES:**

    Plaintiffs Due date: April 14, 2025

    Defendants Due date: April 14, 2025

**THIRD-PARTY ACTIONS**:

    Due date: March 14, 2025

**MOTIONS TO DISMISS:**

    Due date: March 13, 2025

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

    Plaintiffs: March 3, 2025

    Defendants: April 4, 2025

**COMPLETION OF DISCOVERY:**

    (1) Date all discovery complete: July 17, 2025

    (2) Date for early discovery: No early discovery.

**MOTIONS FOR SUMMARY JUDGMENT:**

    Due date: August 11, 2025

**CHALLENGES TO EXPERT TESTIMONY:**

    60 days before Trial.

**DISCOVERY**

**DISCOVERY NEEDED:**

    (1) Discovery into the history of Nashua's flagpole.

(2) Discovery into applications to use the flagpole since 2017, including both applications denied and applications approved.

(3) Discovery into Nashua's flagpole policies and their revisions over time.

(4) Discovery into the Scaers' flag applications and their denial.

(5) Discovery into Nashua's City Plaza Events policy and applications approved and denied under it.

(6) Discovery into the Scaers' coordination with other individuals and/or organizations regarding their applications for raising flags at Nashua City Hall.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

Completed.

**INTERROGATORIES**:

A maximum of 25 interrogatories by each party to any other party. Responses to presently pending interrogatories will be due 2/26/25 unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. The parties anticipate that no additional discovery requests will be served until after the Court's decision on the Motion for Preliminary Injunction. Responses to any additional interrogatories served after the Court's decision on the Motion for Preliminary Injunction will be due 30 days following receipt unless otherwise agreed pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**

A maximum of 25 requests for admission by each party to any other party. Responses to presently pending requests for admissions will be due 2/26/25 unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. The parties anticipate that no additional discovery requests will be served until after the Court's decision on the Motion for Preliminary Injunction. Responses to any additional requests for admission served after the Court's decision on the Motion for Preliminary

Injunction will be due 30 days following receipt unless otherwise agreed pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**

A maximum of 7 depositions by plaintiff(s) and 7 by defendant(s). Each deposition limited to a maximum of 7 hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

Parties do not anticipate extensive discovery of ESI but agree to preserve all electronic communications, including, but not limited to e-mails and text messages, concerning Nashua flagpole policy and applications to use the flagpole. Plaintiffs specifically asked that text messages and other ephemeral communications sent from personal devices be preserved. Parties agree to identify search words for searches and to produce ESI electronically in native format or PDF format whenever possible. If privileged or trial preparation materials are inadvertently disclosed, parties will return materials promptly on request.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

The Parties agree to comply with FRCP 26(b)(5) with respect to claims of privilege, privilege logs, protection of trial preparation materials, and inadvertent disclosures.

The parties propose that the production of privileged or work-product protected documents, electronically stored information (ESI), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

The parties propose that in the event a disclosing party inadvertently produces privileged materials, it will notify the requesting party of such disclosure as soon as it becomes aware of the

inadvertent production. After the requesting party is so notified, it will return, sequester, or destroy all information and copies and will not disclose or use the information in the course of the litigation until the claim of privilege or protection as to trial preparation materials is resolved. The parties further propose that they will attempt to resolve disputes regarding the assertion of privilege between themselves. If they are unable to do so, the parties will file a motion with the Court for in camera review and a decision on the issue.

Nothing in this paragraph relieves the parties of their obligations under Rule 4.4(b) of the Rules of Professional Conduct for New Hampshire.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**

This cannot be evaluated prior to the Court's decision on the motion for preliminary injunction.

**JOINT STATEMENT RE: MEDIATION:**

The parties do not plan to pursue mediation.

**TRIAL ESTIMATE:**

2 days.

**WITNESSES AND EXHIBITS:**

As set forth in LR 16.2, the due dates are as follows:

(1) Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.

(2) Objections are due 14 days after filing of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:**

The parties *do not request* a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS:**

The parties agree that, to avoid unnecessary legal expenses, it makes sense to have responses to written discovery due after this Court issues its ruling on the Plaintiffs' Motion for Preliminary Injunction.  If the Plaintiffs prevail, the schedule will proceed as articulated above.  If the Defendants prevail, the Plaintiffs have indicated their intent to appeal, which likely would necessitate a further amendment to the schedule.

The parties agree to work together on another amended discovery plan including proposing a new trial date, if additional time is needed.

Respectfully submitted,

Counsel for Plaintiffs

/s/Roy S. McCandless                                                                    Dated: January 29, 2025
Roy S. McCandless
New Hampshire Bar No. 11850
ROY S. MCCANDLESS, ESQ., PLLC
125 North State Street
Concord, New Hampshire 03301
Tel: (603) 841-3671, Ext. 101
Fax: (603) 513-2799
roysmccandless@gmail.com

/s/ Nathan J. Ristuccia                                                                  Dated: January 29, 2025
Nathan J. Ristuccia*[1]
Virginia Bar No. 98372
Endel Kolde*
Washington Bar No. 25155
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW
Suite 801
Washington, D.C. 20036
Tel: (202) 301-3300
Fax: (202) 301-3399
nristuccia@ifs.org
dkolde@ifs.org
*Pro hac vice

Counsel for City of Nashua, Defendant

/s/ Jonathan A. Barnes                                                                  Dated: January 29, 2025
Steven A. Bolton, Esq. (NH Bar #67)
Celia K. Leonard, Esq. (NH Bar #14574)
Jonathan A. Barnes, Esq. (NH Bar #20061)
City of Nashua
Office of Corporation Counsel
229 Main Street, P.O. Box 2019
Nashua, NH 03061-2019
(603) 589-3250
boltons@nashuanh.gov
leonardc@nashuanh.gov
barnesj@nashuanh.gov

---

[1] Not a D.C. Bar Member but providing legal services in the District of Columbia exclusively before federal courts, as authorized by D.C. Ct. App. R. 49(c)(3).

Counsel for Jennifer L. Deshaies, Defendant

/s/ Peter G. Callaghan                              Dated: January 29, 2025
Peter G. Callaghan, Esq. (NH Bar #6811)
Kat Mail, Esq. (NH Bar #274914)
Preti Flaherty, PLLP
P.O. Box 1318
Concord, NH 03302-1318
(603) 410-1500
pcallaghan@preti.com
kmail@preti.com

Counsel for Mayor James W. Donchess, Defendant

/s/ Michael A. Pignatelli                           Dated: January 29, 2025
Michael A. Pignatelli (NH Bar #2026)
Adam B. Pignatelli (NH Bar #20211)
Rath, Young, and Pignatelli, P.C.
20 Trafalgar Square, Suite 307
Nashua, NH 02063
(603) 889-9952
Nashua, NH 03061-2019
map@rathlaw.com
abp@rathlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on all counsel of record through the Court's electronic filing system.

Dated: 1/29/25                          /s/ Michael Pignatelli
                                         Michael Pignatelli