# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BETHANY R. SCAER and STEPHEN SCAER, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF NASHUA, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-00277-LM-TSM |

**JOINT MOTION TO PARTIALLY STAY CASE PENDING APPEAL**

The parties jointly move to stay discovery in this case pending the resolution of Plaintiffs' appeal of the order denying their motion for a preliminary injunction. The parties have also agreed to stay all other deadlines, except that Defendants Donchess and Deshaies should be permitted an opportunity to file a motion to dismiss the official-capacity claims against them on the grounds that they are duplicative of the claims against the City of Nashua. The requested stay does not preclude consideration of such a motion to dismiss. The parties request that all other aspects of the case be stayed.

This case concerns the constitutionality of the City of Nashua's 2022 Flagpole Policy. At the outset of this case, the plaintiffs moved for a preliminary injunction. ECF No. 2. When parties submitted their joint discovery plan on October 24, 2024, they stated that they had "agree[d] to not begin discovery until after January 2, 2025 in order to give the Court time to decide Plaintiffs' motion for preliminary injunction and any report and recommendation resulting from that motion." ECF No. 27 at 6.

1

The parties in turn requested further extensions to the discovery schedule while the motion for preliminary injunction was being decided. *See* ECF No. 38; ECF No. 37; ECF No. 36. As one of these motions stated, "[t]he Parties agree that to avoid unnecessary legal expenses it makes sense to postpone discovery until after this Court issues its ruling on the Plaintiffs' Motion for Preliminary Injunction because if the Defendants prevail, the Plaintiffs have indicated their intent to appeal, which likely would necessitate a further amendment to the schedule and could alter the relevant issues." ECF No. 37 at 1.

On March 28, 2025, this Court denied Plaintiffs' motion for a preliminary injunction. ECF No. 39. The Plaintiffs filed their notice appealing that decision on April 4, 2025. ECF No. 40. For the same reason extensions of the discovery schedule were appropriate while the motion for preliminary injunction was pending, the parties jointly request that the Court enter an order partially staying the case pending the resolution of the plaintiffs' appeal from the order denying their motion for a preliminary injunction.

The parties agree that the case may be stayed in all aspects except that Defendants Donchess and Deshaies reserve the right to file a motion to dismiss on the grounds that the official capacity claims against them are redundant.[1] On September 18, 2024, this Court decided *Traudt v. Lebanon Police Dept.*, 749 F. Supp. 3d 251, 255-56 (D.N.H. 2024) (McCafferty, J.), wherein an arrestee brought a § 1983

---

[1] Defendants do not waive the right to assert other grounds for dismissal by reserving at this time only the official-capacity motion outlined herein.

action against the City of Lebanon, its police department, and four of the department's police officers in their official capacities. This Court dismissed the official-capacity claims against the officers, observing that "[a]n official-capacity suit against a governmental officer 'represents only another way of pleading an action against an entity of which the officer is an agent." *Id.* at 257 (quoting *Monell v. Dept. of Soc. Servs. of N.Y.C.*, 4365 U.S. 658, 690 n.55 (1978)). In *Traudt*, as is the case here, the municipality was a defendant for every count in which the individuals were sued in their official capacities. *Id.* at 257-58. Thus, because the claims against the individuals and the City were "indistinguishable," the Court ruled that the individual capacity claims were duplicative and dismissed them. *Id.* at 258. The official-capacity Defendants intend to file a motion to dismiss arguing that this same logic applies here. Because a motion to dismiss setting forth this argument is unrelated to Plaintiffs' appeal, the parties have agreed that such a motion may be considered while the appeal is pending.

With 14 days of the resolution of the pending appeal, the parties will jointly submit a new proposed discovery plan to this Court.

| Dated: April 9, 2025 | Respectfully submitted, |
|---|---|
| */s/ Roy S. McCandless* | /s/ *Nathan J. Ristuccia* |
| Roy S. McCandless | Nathan J. Ristuccia*[2] |
| New Hampshire Bar No. 11850 | Virginia Bar No. 98372 |
| ROY S. MCCANDLESS, ESQ., PLLC | Endel Kolde* |
| 125 North State Street | Washington Bar No. 25155 |
| Concord, New Hampshire 03301 | INSTITUTE FOR FREE SPEECH |
| Tel: (603) 841-3671, Ext. 101 | 1150 Connecticut Ave., NW |

---

[2] Not a D.C. Bar Member but providing legal services in the District of Columbia exclusively before federal courts, as authorized by D.C. Ct. App. R. 49(c)(3).

| | |
|---|---|
| Fax: (603) 513-2799<br>roysmccandless@gmail.com | Suite 801<br>Washington, D.C. 20036<br>Tel: (202) 301-3300<br>Fax: (202) 301-3399<br>nristuccia@ifs.org<br>dkolde@ifs.org<br><br>*Pro hac vice<br><br>*Counsel for Plaintiff* |
| City of Nashua, Defendant<br>By its attorneys,<br><br>*/s/ Jonathan A. Barnes*<br>Steven A. Bolton, Esq. (NH Bar #67)<br>Celia K. Leonard, Esq. (NH Bar #14574)<br>Jonathan A. Barnes, Esq. (NH Bar #20061)<br>City of Nashua<br>Office of Corporation Counsel<br>229 Main Street, P.O. Box 2019<br>Nashua, NH 03061-2019<br>(603) 589-3250<br>boltons@nashuanh.gov<br>leonardc@nashuanh.gov<br>barnesj@nashuanh.gov | James W. Donchess<br>By his attorneys<br><br>*/s/ Michael A. Pignatelli*<br>Michael A. Pignatelli (NH Bar #2026)<br>Adam B. Pignatelli (NH Bar #20211)<br>Rath, Young, and Pignatelli, P.C.<br>20 Trafalgar Square, Suite 307<br>Nashua, NH 02063<br>(603) 889-9952<br>map@rathlaw.com<br>abp@rathlaw.com |

Jennifer L. Deshaies, Defendant
By her attorneys,

/s/ *Peter G. Callaghan*
Peter G. Callaghan, Esq. (NH Bar #6811)
Kat Mail, Esq. (NH Bar #274914)
Preti Flaherty, PLLP
P.O. Box 1318
Concord, NH 03302-1318
(603) 410-1500
pcallaghan@preti.com
kmail@preti.com

4

5

## CERTIFICATE OF SERVICE

    I hereby certify that on April 9, 2025, a copy of the foregoing document was served on all counsel of record, using the Court's CM/ECF system.

Dated: April 9, 2025

                                                *s/Nathan J. Ristuccia*