UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BETHANY R. SCAER and STEPHEN SCAER,  Plaintiff,  v.  CITY OF NASHUA, a municipal corporation; JAMES W. DONCHESS, Mayor, City of Nashua, in his official and individual capacities; JENNIFER L. DESHAIES, Risk Manager, City of Nashua, in her official and individual capacities,  Defendants. | Civil Action No. 1:24-cv-00277-LM-TSM |

## DEFENDANTS' JOINT MOTION TO DISMISS THE OFFICIAL CAPACITY CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

Defendants City of Nashua, Mayor James W. Donchess, and Jennifer L. Deshaies ("Defendants"), by their attorneys, jointly move pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) to dismiss the official capacity claims against Mayor Donchess and Ms. Deshaies ("the Individual Defendants") brought by Plaintiffs Bethany and Stephen Scaer, and in support thereof state as follows:

1. This case concerns four Section 1983 claims alleging that the City of Nashua violated Plaintiffs' First Amendment rights. (ECF Doc. No. 1).Plaintiffs sued not only the City, but also the Individual Defendants in their official and individual capacities, including the Individual Defendants in each of the four claims against the City. Plaintiffs voluntarily withdrew the individual capacity claims on October 14, 2024. (ECF Doc. No. 23).

22914091.2

2. Defendants now move for the dismissal of the official capacity claims, which are duplicative of the claims against the City. Including the Individual Defendants in this lawsuit serves no purpose except to increase the cost for all involved.

3. A suit against a municipal official in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Such claims are, "in all respects other than name," to be treated as claims against the entity itself. *Id*. at 166. Judgment against actors in their official capacity are enforceable against the municipality, not against the officers personally. *See id*. ("[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.")

4. It has thus been the practice of this Court to dismiss official capacity claims as redundant when they are accompanied by claims against the municipality. In *Signs for Jesus v. Town of Pembroke*, Plaintiffs brought state and federal constitutional and statutory challenges against a zoning determination rendered by the Town of Pembroke. They sought monetary, declaratory, and injunctive relief against the Town, the Town's Zoning Board of Adjustment, and the Town's Code Enforcement Officer in his individual and official capacity. *Signs for Jesus v. Town of Pembroke*, 2016 WL 1171016, *1 (D.N.H. Mar. 24, 2016).

5. This Court (Barbadoro, J.) dismissed the official capacity claims against the Code Enforcement Officer. The Court observed that "a string of Supreme Court cases holds that a suit against a government officer in his or her official capacity binds the agency or other governmental entity, not the officer personally." *Id*. at *2 (citing, *inter alia*, *Graham*, 473 U.S. at 166; *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. N.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)). Thus, the claims against the Code Enforcement Officer were "indistinguishable" from

those against the town. *Id*. "Because of this redundancy," it was appropriate to dismiss the official capacity claims. *Id*.

6. The Court once more applied this reasoning in the recent case *Traudt v. Lebanon Police Dept.*, 749 F. Supp. 3d 251 (D.N.H. 2024). The Plaintiff in that matter brought an action against the City of Lebanon, the Lebanon Police Department, and four Lebanon police officers in their official and individual capacities. *Id*. at 255. The Court (McCafferty, J.) noted that in every count in which the officers were named in their official capacities, the City was also named as a defendant. *Id*. at 257-58. Relying upon *Signs for Jesus*, and the binding federal precedent cited therein, the Court found the official capacity claims "duplicative" and dismissed them. *Id*. at 258.

7. This case is indistinguishable from *Signs for Jesus* and *Traudt*. Plaintiffs have brought Section 1983 claims against both the City of Nashua and its officers in their official capacities. The claims against the Individual Defendants are the same claims made against the City. Even if judgment were rendered against the Individual Defendants in their official capacities, the City - not the Individual Defendants - would be responsible for satisfying the judgment.

8. Defendants have presented this reasoning to Plaintiffs and have repeatedly requested that Plaintiffs voluntarily withdraw the official capacity claims against the Individual Defendants. Plaintiffs have refused to do so.

9. Defendants thus request that this Court dismiss the claims against the Individual Defendants as duplicative of those against the City.

WHEREFORE, for the reasons set forth above, Defendants respectfully request this Honorable Court to:

A. Grant this Motion; and

B. Grant such other relief as may be just and proper.

Respectfully submitted,

JENNIFER L. DESHAIES, Defendant

By her attorneys,

Dated: April 17, 2025          By: /s/*Kat Mail*
    Kat Mail, NH Bar No. 274914
    Peter G. Callaghan, NH Bar No. 6811
    Preti Flaherty, PLLP
    P.O. Box 1318
    Concord, NH 03302-1318
    (603) 410-1500
    kmail@preti.com
    pcallaghan@preti.com

CITY OF NASHUA, Defendant

By its Attorneys,

Dated: April 17, 2025          /s/ *Jonathan A. Barnes*
    Steven A. Bolton, Esq. (NH Bar #67)
    Celia K. Leonard, Esq. (NH Bar #14574)
    Jonathan A. Barnes, Esq. (NH Bar #20061)
    City of Nashua
    Office of Corporation Counsel
    229 Main Street, P.O. Box 2019
    Nashua, NH 03061-2019
    (603) 589-3250
    boltons@nashuanh.gov
    leonardc@nashuanh.gov
    barnesj@nashuanh.gov

JAMES W. DONCHESS, Defendant

By his attorneys,

Dated: April 17, 2025          /s/*Michael A. Pignatelli*
    Michael A. Pignatelli, NH Bar No. 2026
    Adam B. Pignatelli, NH Bar No. 20211
    Rath, Young and Pignatelli, PC
    20 Trafalgar Square #307
    Nashua, NH 03063
    (603) 889-9952
    map@rathlaw.com
    abp@rathlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify this 17th day of April 2025 copies of the within document have been served on all parties of record electronically via ECF.

                                                /s/*Kat Mail*
                                                Kat Mail