UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BETHANY R. SCAER and STEPHEN SCAER, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF NASHUA, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-00277-LM-TSM |

**PLAINTIFFS' BRIEF IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS THE OFFICIAL CAPACITY CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

Defendants James Donchess and Jennifer L. Deshaies' argument that the official-capacity claims against them should be dismissed as redundant may be well-taken, but only if these claims are truly duplicative. Overlap between these claims and those against the City does not suffice to establish redundancy; the claims against Defendants must be co-extant with the claims against the city.

The official-capacity claims against the city officials would be redundant if the individual Defendants are conceding that (1) any relief granted against the City of Nashua in this case would operate fully against Nashua's mayor and risk manager as offices as well, regardless of who might hold those offices in the future; and (2) that the scope of discovery would remain the same. If Defendants are now conceding these propositions, Plaintiffs do not oppose the dismissal of the individual Defendants.

1

Plaintiffs, however, have previously been unwilling to dismiss the official-capacity claims against individual Defendants—despite already voluntarily withdrawing the personal-capacity claims against these Defendants, see Dkt. 23; Dkt. 45 at 1—because Defendants' own past actions suggested that they do not concede these two positions.

Neither Plaintiffs nor, seemingly, Defendants, see Dkt. 45, have found any binding precedent from the First Circuit setting forth when and in what circumstances government officials sued in their official capacity qualify as "redundant." *Cf. Decotiis v. Whittemore*, 635 F.3d 22, 38 n.19 (1st Cir. 2011) (upholding a dismissal for redundancy as plaintiffs failed to challenge this dismissal on appeal). "[D]ismissing official-capacity claims as redundant is discretionary; it is not required." *McHugh v. St. Tammany Par.*, 738 F. Supp. 3d 719, 729 (E.D. La. 2024) (collecting cases from various circuits); *see also Moore v. City of Phila.*, No. 14-133, 2014 U.S. Dist. LEXIS 27894, at *9 (E.D. Pa. Mar. 5, 2014) (noting that "there is no requirement to dismiss official capacity claims that are redundant of claims against a government entity" and citing cases where courts refused to do so).

Persuasive authorities have held that an official-capacity claim should not be dismissed *merely* because the municipality is also a defendant in the case.[1] Instead,

---

[1] Although Defendants style their motion as pursuant to Rule 12(b)(6), many courts have held that the discretionary authority to dismiss redundant claims lies in a federal court's "inherent authority" to manage its proceedings, rather than in Rule 12(b)(6). *See, e.g.*, *McHugh*, 738 F. Supp. 3d at 729; *Moore*, 2014 U.S. Dist. LEXIS

2

courts first ensure that there is no difference in scope and relief available between the claims against the municipality and the claims against the officials. If dropping two defendants alters the scope or relief of a case, then by definition those defendants were not redundant

Thus, for instance, some courts have refused to dismiss for redundancy when the relief available against the official capacity defendant differed in some way from the relief available against the municipality. *See, e.g., Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1307, 1309 (10th Cir. 2003) (reversing as punitive damages available against official-capacity defendant alone); *B.A.L. v. Laramie Cty. Sch. Dist. No. 1*, No. 2:16-CV-00091, 2016 U.S. Dist. LEXIS 194474, at *21-22 (D. Wyo. Nov. 30, 2016) (denying dismissal when scope of relief differed). Other courts have rejected dismissal because the official sued in official capacity was arguably an agent of a different government entity than one sued. *See, e.g., McHugh*, 738 F. Supp. 3d at 730 (not redundant as elected member of county council is not employee of county and thus not bound by injunction against county); *Tassone v. Cty. of Onondaga*, 94-CV-0173 (RSP/GJD), 1996 U.S. Dist. LEXIS 2084, at *11 (N.D.N.Y. Feb. 15, 1996) (not redundant as prosecutor represents non-defendant state, not defendant county). And "courts often decline to exercise their discretion to dismiss as redundant official-capacity claims for prospective injunctive relief . . . where, as

---

27894, at *10; *Capresecco v. Jenkintown Borough*, 261 F. Supp. 2d 319, 322 (E.D. Pa. 2003). This distinction, however, does not alter the substance of Defendants' motions or this response.

here, the official-capacity request for injunctive relief is asserted against an elected official who is alleged to have played a 'central role' in the case." *McHugh*, 738 F. Supp. 3d at 729; *see also Mejia v. Lafayette Consol. Gov't*, No. 6:23-CV-00307, 2024 U.S. Dist. LEXIS 199265, at *12 (W.D. La. Oct. 3, 2024) (refusing to dismiss for redundancy as official due was "primary actor" with "central role").

As stated above, Plaintiffs do not oppose the individual Defendants' dismissal for redundancy, if all Defendants concede that dismissal will not impact the scope of discovery or forms of relief available. But Defendants' own conduct has indicated that, at least previously, Defendants believed the City of Nashua was *not* equivalent to individual Defendants. Plaintiffs, after all, voluntarily dismissed the individual-capacity claims over six months ago. Dkt. 23. Yet, throughout the last six months, separate counsel have represented the City of Nashua and the individual Defendants in their official capacity, as if some conflict of interest exists preventing a single attorney from representing all three. *See, e.g.*, Dkt. 45 at 4. If these parties are truly redundant, why are they represented by separate counsel?

Plaintiffs have no idea what this conflict could be, for "[w]here a suit is brought against individual public officials in their official capacities, such a suit is effectively to be considered a suit against the officials' offices." *Lazarre v. Turco*, No. 18-cv-12260-DJC, 2020 U.S. Dist. LEXIS 237054, at *24 (D. Mass. Dec. 17, 2020) (citation and internal quotation marks omitted); *see also* Dkt. 32 at 4. The official-capacity

4

claims, that is, are against the office of the mayor and the office of the risk manager, not against Mr. Donchess and Ms. Deshaies themselves.

Nashua would not ordinarily possess any conflict of interest with its own offices. Indeed, government counsel often represent a government entity and its officers in their official capacity together, even if conflict of interest requires that those same officers retain separate counsel for personal-capacity claims. *See, e.g., Medina v. Hous. Auth. of San Miguel Cty.*, No. 91-2094, 1992 U.S. App. LEXIS 22377, at *10 (10th Cir. Sep. 4, 1992) (affirming separate representation of officials in their personal capacity versus their official capacity due to conflict of interest); *Tapia v. City of Albuquerque*, 10 F. Supp. 3d 1171, 1205-06 (D.N.M. 2014) (discussing when conflict requires separate counsel for official- and individual-capacity claims against the same officer). Defendants complain about "the cost for all involved" that the official-capacity claims in this case are generating. Dkt. 45 at 2. Yet, these extra costs stem from Defendants' own insistence on hiring three different sets of attorneys—seemingly because Defendants previously believed that the official-capacity claims were not duplicative. Why not just have one set of attorneys represent everyone?

By filing their present motion, Dkt. 45, Defendants seemingly concede that this separate representation was unnecessary and that the official-capacity claims have the same scope of discovery and potential available relief as the claims against Nashua itself.

5

## CONCLUSION

If Defendants concede or this Court concludes that the potentially available relief and scope of discovery in this case would be unaltered by the presence or absence of the official-capacity claims, then Plaintiffs do not oppose the dismissal of the individual Defendants.

| | |
|---|---|
| Dated: April 29, 2025 | Respectfully submitted, |
| /s/ Roy S. McCandless<br>Roy S. McCandless<br>New Hampshire Bar No. 11850<br>MCCANDLESS LAW FIRM<br>125 North State Street<br>Concord, New Hampshire 03301<br>Tel: (603) 841-3671, Ext. 101<br>Fax: (603) 513-2799<br>roysmccandless@gmail.com | /s/ Nathan J. Ristuccia<br>Nathan J. Ristuccia*‡<br>Virginia Bar No. 98372<br>Endel Kolde*<br>Washington Bar No. 25155<br>INSTITUTE FOR FREE SPEECH<br>1150 Connecticut Ave., NW<br>Suite 801<br>Washington, D.C. 20036<br>Tel: (202) 301-3300<br>Fax: (202) 301-3399<br>nristuccia@ifs.org<br>dkolde@ifs.org<br><br>*Pro hac vice<br><br>Counsel for Plaintiff |

---

‡ Not a D.C. Bar Member but providing legal services in the District of Columbia exclusively before federal courts, as authorized by D.C. Ct. App. R. 49(c)(3).

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2025, a copy of the foregoing document was served on all counsel of record, using the Court's CM/ECF system.

Dated: April 29, 2025

*s/Nathan J. Ristuccia*